**GULF PORTS CRATING COMPANY,**
Plaintiff-Appellant,

v.

**The MINISTRY OF ROADS AND TRANSPORTATION, an agency of the GOVERNMENT OF IRAN, Defendant-Appellee.**

No. 81–2298
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 29, 1982.

Stephen J. Weeks, Houston, Tex., for plaintiff-appellant.

Thomas G. Shack, Jr., Washington, D. C., for defendant-appellee.

Michael F. Hertz, Atty., Dept. of Justice, Washington, D. C., amicus curiae for U. S.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

PER CURIAM:

■ Gulf Ports Crating Company instituted suit in the district court against the Ministry of Roads and Transportation, an agency of the Government of Iran, to recover storage charges and security costs incurred as a bailee in storing goods purchased by the Ministry from an American corporation. Gulf Ports sought and was granted a writ of prejudgment attachment in February 1980. Thereafter, the United States filed a statement of interest which raised the existence of the 1981 declarations between the United States and Iran for the release of the American hostages. The United States asserted that the declarations and orders issued pursuant thereto required the district court to vacate the writ of attachment and stay action on Gulf Ports' claim since it was within the jurisdiction of the Iran-United States claims tribunal. The district court followed the recommended course of action and Gulf Ports appeals. We affirm the district court.[1]

The stated purpose of the 1981 declarations between the United States and Iran is "... to terminate all litigation as between the government of each party and the nationals of the other, and to bring about the settlement and termination of all such claims through binding arbitration." *Dames & Moore v. Regan*, 453 U.S. 654, 101 S.Ct. 2972, 2979, 69 L.Ed.2d 918 (1981). In furtherance of this goal, an international arbitral tribunal has been established to decide outstanding claims of United States nationals against Iran. *Dames & Moore* at 2979. Accordingly, the Executive has suspended further litigation of any such claims pending resolution by the tribunal. Executive Order 12,294, 46 Fed.Reg. 14111 (Feb. 24, 1981) and 31 C.F.R. § 535.222(a), 46 Fed.Reg. 14335 (Feb. 26, 1981). Also, all attachments obtained by United States nationals after November 14, 1979, against Iranian properties have been nullified. Executive Order 12,281, 46 Fed.Reg. 7923 (Jan. 23, 1981) and 31 C.F.R. § 535.218(b)(f), 46

Fed.Reg. 14334, 26477 (Feb. 26, 1981, May 13, 1981). The Executive's authority to take such action was approved by a unanimous Supreme Court in *Dames & Moore v. Regan.*

■ Gulf Ports argues, however, that it is not subject to the nullification order because the attached properties are not by definition "Iranian properties" since storage charges and security costs are still owing. Gulf Ports refers us to 31 C.F.R. § 535.-333(b) which provides, "[p]roperties are not Iranian properties ... unless all necessary obligations, charges and fees relating to such properties are paid and liens against such properties are discharged." Section 535.333(b), however, defines Iranian properties only as that term is used in section 535.215, which provides for the transfer of such properties as directed by Iran. Plaintiff's writ of attachment was vacated pursuant to section 535.218, which provides for nullification of attachments, and it is clear that this section applies to contested as well as uncontested liabilities and property interests. Hence, Gulf Ports' argument must be rejected.

■ Gulf Ports also contends that its claim against the Ministry was improperly suspended. It argues that its claim is one predicated upon security for payment, and as such does not fall within the class of claims assigned to the arbitral tribunal. In accordance with the 1981 declarations, the tribunal has jurisdiction over outstanding claims of United States nationals against Iran that arise "out of debts, contracts ... expropriations or other measures effecting property rights ...." (The Algerian Declaration Concerning the Settlement of Claims Between Iran and the United States, article II). We believe that plaintiff's claim falls within that broad definition and we reject their attempt to create

<hr>

1. Gulf Ports contends that the district court erred in granting the relief requested by the United States because the United States did not properly intervene and become a party to the

suit. We believe that any such error was harmless since regardless of how the district court became aware of the applicable laws, it

artificial distinctions as not in keeping with the purpose of the Declarations.[2]

AFFIRMED.

was bound to apply them and issue an order identical to that issued below.

2. We also note that any disputes as to the tribunal's jurisdiction are to be resolved by the tribunal itself and that Executive Order 12,294 provides for suspension of all claims that *may* be presented to the tribunal.